UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARET MORTON LANGENBERG,

                                 Plaintiff,

          -v-

ISAAC SOFAIR, Individually and as Custodian for
OVED SOFAIR, DAYNA SOFAIR; and LAUREN
SOFAIR, JOAN SOFAIR, Individually and as Trustee
for OVED SOFAIR, DAYNA SOFAIR, and
LAUREN SOFAIR; LANDWAY ESTATES, INC.,
and JAMES O. MCKENNA,

                                 Defendants.

Case No. 03-CV-8339 (KMK)

OPINION and ORDER

APPEARANCES:

Kenneth E. Citron, Esq.
Paul C. Kurland, Esq.
Snow Becker Krauss P.C.
New York, NY
*Counsel for Plaintiff*

Arlen G. Loselle, Esq.
Old Chatham, NY
*Counsel for Plaintiff*

Cornelius A. Mahoney, Esq.
Mahoney & Keane, LLP
New York, NY
*Counsel for Defendant Joan Sofair-Koss*

KENNETH M. KARAS, District Judge:

          Plaintiff brings this action to recover money damages from Isaac Sofair ("Sofair"), Joan

Sofair-Koss ("Sofair-Koss")[1], Landway Estates Inc., and James O. McKenna for fraud, breach of

_____

          [1]Although Defendant Sofair-Koss is captioned in this matter as Joan Sofair, she refers to
herself in her moving papers as "Joan Sofair-Koss."

fiduciary duty, conversion, breach of contract, unjust enrichment, and fraudulent conveyance. Defendant Sofair-Koss moves to dismiss for lack of personal jurisdiction.  For the reasons stated herein, this motion is GRANTED.

## I.  Background

The Complaint alleges six causes of action.  First, that Defendants Sofair, Landway, and McKenna defrauded Plaintiff (Compl. ¶¶ 97-102); second, that Defendants Sofair, Landway, and McKenna breached their fiduciary duties to Plaintiff (*Id.* ¶¶ 103-08); third, that Defendants Sofair, Landway, and McKenna wrongfully converted cash assets of Plaintiff (*Id.* ¶¶ 109-14); fourth, that Defendants Sofair, Landway, and McKenna violated an oral contract between Defendant Sofair and Plaintiff by failing to use Plaintiff's funds for investment (*Id.* ¶¶ 115-19); fifth, that Defendants Sofair, Landway, and McKenna unjustly enriched themselves at Plaintiff's expense (*Id.* ¶¶ 120-24); and sixth, that all Defendants, including Defendant Sofair-Koss, were parties to a fraudulent conveyance (*Id.* ¶¶ 125-34).[2]  Defendant Sofair-Koss is named only in the sixth and final cause of action for fraudulent conveyance.

For the purposes of this motion, the Court assumes the following of Plaintiff's allegations to be true.  Plaintiff Margaret Langenberg, a resident of New York, met the principal defendant in this action, Sofair, in 1997.[3]  (*Id.* ¶¶ 23-24)  Plaintiff and Sofair had a personal relationship,

_____

[2]In her Complaint, the Plaintiff alleges that actual, as opposed to constructive, fraud occurred in this case. Thus, the allegation falls under the ambit of  New York Debtor and Creditor Law § 276, rather than any of the constructive fraud provisions of the New York Debtor and Creditor Law, *e.g.*, § 273.

[3]Sofair is currently believed to be living in England.  On January 7, 2004, he was indicted in the Southern District of New York on various fraud counts arising from his involvement with Landway Estates.  (Letter from Kenneth E. Citron, Esq., to the Court 2-4, July 26, 2005)  The United States Attorney's Office informed Plaintiff that if she could not convince Mr. Sofair to

during which Plaintiff entrusted Sofair with a total of $3,667,232 for the purpose of making investments on her behalf.  (*Id.* ¶¶ 25, 54)  Plaintiff alleges that Sofair misappropriated, stole, or lost through misuse $2,701,313 of the money entrusted to him.  (*Id.* ¶ 95)  The majority of the funds were allegedly used by Sofair for his own personal benefit, such as paying his own credit card bills and purchasing luxury goods, as well as for the benefit of his business partners and his family.  (*Id.* ¶ 4)  Specifically, the Complaint alleges that Sofair fraudulently conveyed approximately $2,100,000 to his business partners.  (*Id.* ¶¶ 126, 132)  Plaintiff further alleges that between January 1998 and September 2001 Defendant Sofair-Koss, Sofair's former wife, was the recipient of $181,900 of the fraudulently obtained funds.[4]  (*Id.* ¶ 128)  Plaintiff also alleges that from February 2000 to January 2001, Sofair-Koss was the trustee of trust accounts into which Sofair fraudulently transferred an additional $186,349 of Plaintiff's funds.  (*Id.* ¶¶ 129-31)  These trust funds were created to benefit Sofair and Sofair-Koss's children.  *Id.*

The Complaint does not allege that Sofair-Koss was a participant in the alleged fraudulent scheme that Sofair used to convert the Plaintiff's funds or that Sofair-Koss had any knowledge, actual or implied, of Sofair's scheme.  The Complaint also does not allege that the

_____

surrender, it would initiate extradition proceedings against him.  (*Id.* 3, 3 n.2)  In June 2005, Sofair contacted Plaintiff for the first time in nearly three years, seeking to explain his conduct and also to inform Plaintiff that he was soon to recover expensive family property that would allow him to support Plaintiff financially.  (*Id.* 4)  On May 24, 2006, this Court entered a default judgment against Sofair.

[4]Plaintiff and Sofair-Koss dispute whether Sofair-Koss was Sofair's wife or ex-wife at the time of the allegedly fraudulent transfers.  As an attachment to her Motion to Dismiss, Sofair-Koss submitted a final divorce judgment filed on September 21, 1995.  (Mot. to Dismiss Ex. C)  Plaintiff has not presented any evidence that Sofair and Sofair-Koss were still married other than mere allegations in her memorandum of law.  As discussed below, the Court takes judicial notice of the fact that Sofair and Sofair-Koss were divorced at the time of the transfers, which were alleged to have occurred between January 1, 1998 and September 4, 2001.

transfers made to Sofair-Koss and her children's trust funds were made for no consideration, or that Sofair maintained control over the funds that he transferred to Sofair-Koss. Additionally, the Complaint does not allege that Sofair-Koss did anything in the State of New York in connection with these transfers of funds.

Defendant Sofair-Koss is a resident of Maryland. (Mot. to Dismiss Ex. B ¶ 2 ("Sofair-Koss Aff.")) Sofair-Koss denies that she was a trustee for the trust accounts at issue. (Sofair-Koss Aff. ¶ 4) She further states that she is not a resident of New York and never has been. (*Id.* ¶ 2) Finally, she states that she has never had financial or property ties to New York. (*Id.* ¶¶ 5-8)

## II. Discussion

### A. Standard of Review

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(2). On a Rule 12(b)(2) motion to dismiss, plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). Plaintiff will be able to defeat the motion to dismiss based on legally sufficient allegations of jurisdiction, either in the form of an evidentiary hearing or affidavits. *See DiStefano v. Carozzi N. Am.*, 286 F.3d 81, 84 (2d Cir. 2001). Where the court relies on pleadings and affidavits instead of an evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant. *Id.*

Plaintiff alleges that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statute. (Compl. ¶ 21) In a diversity action, a court's authority to maintain personal jurisdiction over a defendant is governed by the long-arm statute of the forum state. *See Canterbury Belts Ltd. v. Lane Walker Rudin, Ltd.*, 869 F.2d 34, 40 (2d

4

Cir. 1989).  Courts may assert two broad categories of jurisdiction over an individual action: specific jurisdiction, which arises when the defendant's activities in the forum are the subject of the action, and general jurisdiction, which arises out of a defendant's contacts with the forum even though those contacts themselves are unrelated to the action before the court.  *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002) ("*Bank Brussels II")*; *Commc'ns Partners Worldwide, Inc. v. Main Street Res.*, No. 04 Civ. 10003, 2005 WL 1765712, at *2-3 (S.D.N.Y. July 26, 2005).  These two categories are reflected in New York law.  Section 301 of the Civil Practice Law and Rules ("CPLR") establishes the general jurisdiction of New York courts, and section 302, the New York "long-arm statute," establishes the rules for exercise of specific jurisdiction.  *See Commc'ns Partners Worldwide*, 2005 WL 1765712, at *3.  In this action, Plaintiff asserts only that the Court has jurisdiction under CPLR section 302(a)(2), and does not argue that the Court has general jurisdiction over Sofair-Koss. (Pl.s' Mem. of Law in Opp'n to Def. Joan Sofair's Mot. to Dismiss Pursuant to FRCP 12(b)(2) 4-7)

        In New York, specific jurisdiction may be exercised over non-domiciliaries who engage in any of four types of acts: (1) business transactions within New York or contracts to supply goods within the state, N.Y. C.P.L.R. § 302(a)(1); (2) torts committed within New York, N.Y. C.P.L.R. § 302(a)(2); (3) torts committed outside New York which cause injury within the state, so long as the tortfeasor regularly does business within New York or should reasonably expect that the tortious conduct will cause consequences within the New York, N.Y. C.P.L.R. § 302(a)(3); and (4) ownership or possession of real property within New York, N.Y. C.P.L.R. § 302(a)(4).  *Accord Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt. LLC,* 450 F.3d 100, 106

(2d Cir. 2006); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784-85

(2d Cir. 1999) ("*Bank Brussels I*").  Here, Plaintiff argues that Sofair-Koss committed a tortious

act within New York, namely fraudulent conveyance, allowing the Court to take jurisdiction

under CPLR § 302(a)(2).

Since the inquiry at this stage is the preliminary question of jurisdiction, and not an

analysis of the Complaint's merits, Plaintiff is not required to prove that Sofair-Koss actually

committed a tort, but instead, must simply state a "colorable cause of action."  *Bank Brussels II*,

305 F.3d at 125.  Thus, personal jurisdiction over Sofair-Koss can be maintained only if the

allegations within the Complaint are sufficient to maintain a colorable cause of action against

her.  *See id.*  In this analysis, Plaintiff's averments of facts will be taken as true.  *See In re*

*Magnetic*, 334 F.3d at 206.

Finally, if there is a statutory basis for jurisdiction, the Court must determine if the

extension of jurisdiction would be permissible under the Due Process Clause of the Fourteenth

Amendment.  *See Chaiken v. V.V. Publ'g Corp.*, 119 F.3d 1018, 1025, 1027 (2d Cir. 1997).  To

satisfy this requirement, the defendant must have "certain minimum contacts" with the forum

state, so that the suit does not offend "traditional notions of fair play and substantial justice."

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted); *see also*

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) (same).

B.  Application of New York's Long-Arm Jurisdiction Statute

Plaintiff argues that the Court is able to exercise jurisdiction over Sofair-Koss solely on

the ground that she committed a tort within New York.  Specifically, Plaintiff argues that by

receiving the funds allegedly transferred to her by Sofair, Sofair-Koss engaged in tortious action

within New York state which subjects her to New York's long-arm jurisdiction under CPLR section 302(a)(2).  Section 302(a)(2) provides "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: . . . commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act."

Though not specifically alleged in the Complaint, Plaintiff argues that her claims against Sofair-Koss fall under section 276 of New York's Debtor and Creditor Law, which provides, in pertinent part:  "[e]very conveyance made . . . with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."  N.Y. Debt. & Cred. Law § 276.  To state a cause of action under section 276, Plaintiff must show that Sofair-Koss had an "actual intent" to hinder, delay, or defraud creditors.  *Hassett v. Goetzmann*, 10 F. Supp. 2d 181, 187 (N.D.N.Y. 1998).  While actual intent must be proven by clear and convincing evidence, the fraudulent nature of a conveyance may be inferred circumstantially.  *Id.* at 188.  This is typically accomplished by reliance on the "badges of fraud," which include:

> (1) the lack or inadequacy of consideration; (2) the family, friendship, or close associate relationship between the parties; (3) the retention of possession, benefit, or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry.

*Sullivan v. Kodsi*, 373 F. Supp. 2d 302, 306-07 (S.D.N.Y. 2005); *see also Hassett*, 10 F. Supp. 2d at 188.

The Complaint does not allege any actual intent to defraud, hinder, or delay on the part of

Sofair-Koss.  Instead, Plaintiff alleges that because Sofair-Koss received the funds from Sofair, who is alleged to have had the requisite intent, Sofair-Koss can be inferred to have committed a tort in New York for the purposes of CPLR section 302(a)(2).  However, the cases relied upon by Plaintiff fail to offer adequate support for jurisdiction as they either involve allegations that the transferee participated in the underlying fraud or involve affirmative acts by the transferee in New York.  For example, in *Gulf Coast Dev. Group v. Lebror*, No. 02 Civ. 6949, 2003 WL 22871914, at *4 (S.D.N.Y. Dec. 4, 2003), a case on which Plaintiff heavily relies, a nondomiciliary defendant who received funds fraudulently conveyed from New York bank accounts was found to be subject to jurisdiction in New York based on section 302(a)(2).  However, the plaintiff in *Gulf Coast* was found to have alleged facts sufficient to infer that defendant participated in a RICO conspiracy partially predicated on a showing that the defendant had knowledge of the wrongfulness of the transfers.  *Id.* at *5.  Most of the other cases cited by the Plaintiff can be similarly distinguished from this case, as all involve allegations that the transferees had some role in the fraud that preceded the transfers.[5]

Contrary to Plaintiff's wishful interpretation of the law, "[j]udgments against transferees are generally limited to situations . . . where the transferees were aware of the transferor's

_____

[5]*See Catauro v. Goldome Bank for Sav.*, 592 N.Y.S.2d 422, 422-23 (App. Div. 1993) (noting that the nondomiciliary recipient fraudulently transferred funds from New York bank to himself in another state); *Ed Moore Adver. Agency, Inc. v. I.H.R., Inc.*, 494 N.Y.S.2d 400, 401 (App. Div. 1985) ("Plaintiff charges that each of the subject transfer of assets occurred without consideration and that defendant committed fraud by acting with Heavenly Father [Defendant-transferee] to fraudulently place Mirage's [Defendant-transferor] assets beyond its creditors' reach."); *Morgenthau v. A.J. Travis Ltd.*, 184 Misc. 2d 835, 843 (N.Y. Sup. Ct. 2000) (noting that recipient defendants knowingly participated in scheme); *Banco Nacional Ultramarino, S.A. v. Chan*, 641 N.Y.S.2d 1006, 1009 (Sup. Ct. 1996) ("Money Center [Defendant-transferor] is accused of having committed an affirmative act in New York, money laundering, via instructions conveyed to BONY [Defendant-transferee].").

fraudulent scheme and where the assets were disposed of or depreciated." *Hassett*, 10 F. Supp.

2d at 192. Thus, even if the Court takes as true Plaintiff's allegation that Sofair-Koss was the

trustee of the trust to which Sofair transferred funds, her simple status as such is not enough to

implicate her in the fraud.

    As noted, in the absence of an evidentiary hearing, the Court considers all pleadings and

affidavits in the light most favorable to the Plaintiff. *See Hoffritz for Cutlery, Inc. v. Amajac,

Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985). However, Plaintiff's prima facie showing must be based

solely on her Complaint and supporting affidavits. *See Anscombe Broad. Group, Ltd. v. RJM

Commc'n, Inc.*, No. 02 Civ. 306A, 2004 WL 2491641, at *4 (W.D.N.Y. Nov. 3, 2004) ("[A]s no

discovery relative to the issue of personal jurisdiction has yet been conducted and absent a

hearing on the issue, [Plaintiff] need make only a *prima facie* showing based on the Complaint

and affidavits that personal jurisdiction exists."). The Complaint does not allege that Sofair-Koss

was aware of Sofair's fraudulent scheme, let alone participated in it. Nor does the Complaint

even allege any of the "badges of fraud," such as lack of consideration, the retention by Sofair of

control over the transferred funds, or a suspicious chronology of events. Instead, Plaintiff waited

until filing her Memorandum of Law in response to this Motion to allege for the first time that

Sofair-Koss had knowledge of and participated in Sofair's fraud. This will not do. *See In re

Teligent, Inc.*, Nos. 01-12974, 03-3577, 2004 WL 724945, at *4 (Bankr. S.D.N.Y. Mar. 30,

2004) (disregarding facts asserted in memorandum of law where they were not accompanied by a

supporting affidavit based on personal knowledge). Furthermore, although intra-family

transactions could support an inference of participation in a fraudulent conveyance, *see In re

Kaiser*, 722 F.2d 1574, 1582-83 (2d Cir. 1983), it also bears noting that less than 7% of the

9

allegedly converted funds were directly transferred to Sofair-Koss,[6] compared to the approximately 78%  that went to Sofair's business partners and/or his corporate entity. Moreover, the transfers to Sofair-Koss came at least two years after Sofair and Sofair-Koss were divorced, hardly a fact from which it reasonably could be inferred that Sofair-Koss was conspiring with Sofair to steal Plaintiff's funds.  Indeed, Sofair-Koss notes that any funds transferred to her were made pursuant to the divorce decree of which the Court can take judicial notice.  *See* Fed. R. Evid. 201(f); *see also Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (stating that courts may look to state divorce decrees when deciding motions to dismiss); *Tornheim v. Eason*, 363 F. Supp. 2d 674, 676 (S.D.N.Y. 2005) ("[T]he court may consider public records, including a state court's divorce decree, in deciding a motion to dismiss, even if that document was not incorporated in the complaint by reference."); *Bukola Watch Co. v. K. Hattori & Co.*, 508 F. Supp. 1322, 1328 (E.D.N.Y. 1981) (noting that judicially noticed facts may be considered on a Rule 12(b)(2) motion).  Therefore, these transfers may be deemed to have been made in exchange for adequate consideration.  *See FDIC  v. Malin*, 802 F.2d 12, 18 (2d Cir. 1986) (obligation to support ex-spouse is adequate consideration for transfer of funds).

Plaintiff may be granted leave to replead allegations which allege Sofair-Koss's intent to participate in the fraud.  However, without such averments in Plaintiff's pleadings, personal jurisdiction on the basis of a fraud perpetuated in New York cannot be obtained over Sofair-Koss.  *See Rowe v. Moreno*, 910 F.2d 1043, 1046-47 (2d Cir. 1990) (upholding District Court grant of Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction where plaintiff failed to

---

[6]An additional 7% is alleged to have been placed in the trust funds for which Sofair-Koss allegedly was trustee.

allege jurisdictional facts that would satisfy CPLR § 302(a)); *Kwon v. Yun*, No. 05 Civ. 1142, 2006 WL 416375, at *6-*7 (S.D.N.Y. Feb. 21, 2006) (granting motion to dismiss for lack of personal jurisdiction where plaintiff failed to allege sufficient facts to support jurisdiction under CPLR section 302(a)(2)); *Brooks v. Von Lenthe*, No. 05 Civ. 3655, 2005 WL 2679716, at *7 (S.D.N.Y. Oct. 21, 2005) (dismissing action where plaintiff failed to allege a tortious act that occurred within the state of New York).

C.  Due Process Considerations

Even if Plaintiff could show that there is personal jurisdiction over Sofair-Koss pursuant to the New York long-arm statute, that jurisdiction must still comport with the due process requirements of the Fourteenth Amendment. *See Int'l Shoe*, 326 U.S. at 316. This analysis has two parts, first, whether the defendant has minimum contacts with the forum state, and second, whether the exercise of jurisdiction would be reasonable. *See Met. Life Ins. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

1.  Minimum Contacts

Due process requires only that the defendant has certain "minimum contacts" with the forum state so that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 316 (internal quotations omitted). To determine if such "minimum contacts" exist, the court must inquire into "'the relationship among the defendant, the forum, and the litigation.'" *Rush v. Savchuk*, 444 U.S. 320, 327 (1980) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Where a defendant has "purposefully directed" his activities towards a forum state, he has "fair warning" that his actions may make him liable to suit there. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Therefore, where

11

litigation results from injuries arising from or related to those activities, the forum state may exercise jurisdiction without a violation of due process. *Id.*

In this case, Sofair-Koss claims to have engaged in no activities "purposefully directed" towards New York and has submitted affidavits supporting her assertions. (Sofair-Koss Aff. ¶¶ 4-10) Plaintiff urges the Court to ignore Sofair-Koss's "self serving" affidavit and construe the pleadings in the light most favorable to Plaintiff. However, courts are authorized to rely on affidavits submitted by the parties in deciding a Rule 12(b)(2) motion to dismiss. *See Country Rock Café, Inc. v. Trucks Ins. Exch.,* 417 F. Supp. 2d 399, 401 (S.D.N.Y. 2006) (citing *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990)); *Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameris*, No. 03 Civ. 1681, 2004 WL 2199547, at *5 (S.D.N.Y. Sept. 29. 2004) (noting that it is proper for a court reviewing a Rule 12(b)(2) motion to consider affidavits submitted by the parties). Even if the Court ignored Sofair-Koss's affidavit, Plaintiff's pleadings still fail to allege any personal contacts between Sofair-Koss and New York. As addressed above in relation to the New York long-arm statute, the mere receipt of funds from Sofair does not constitute purposeful action on the part of Sofair-Koss.

Plaintiff argues that Sofair-Koss's relationship with Sofair may be significant in determining whether or not she has sufficient ties with the forum for the exercise of jurisdiction. *See Rush*, 444 U.S. at 332 ("[T]he parties' relationships with each other may be significant in evaluating their ties to the forum."). However, *International Shoe*'s jurisdictional requirements must be met as to *each defendant* over whom a court exercises jurisdiction. *See id.* at 332; *see also Calder v. Jones*, 465 U.S. 783, 790 (1984). Therefore, jurisdiction cannot be implied or imputed from one defendant to another. *See Rush*, 444 U.S. at 329; *see also Daventree Ltd. v.*

*Republic of Azerbaijan*, 349 F. Supp. 2d 736, 762-63 (S.D.N.Y. 2004) (analyzing jurisdiction over each defendant separately and refusing to impute jurisdiction from one defendant to another). Thus, Sofair's possible liability cannot ground the exercise of jurisdiction over Sofair-Koss.

Where, as here, the defendant has no contacts with the forum state, the forum state cannot exercise jurisdiction without violating the Due Process Clause. *See Rush,* 444 U.S. at 332-33; *see also Computer Assocs. Int'l Inc. v. Altai, Inc.*, 126 F.3d 365, 371 (2d Cir. 1997). Thus, the exercise of jurisdiction over Sofair-Koss by the Court would violate the minimum contacts requirement of due process.

2. Reasonableness

As Sofair-Koss fails the "minimum contacts" portion of the due process inquiry, there is no need to consider whether exercising jurisdiction over her is reasonable. *Met. Life Ins.*, 84 F.3d at 568 (quoting *Donatelli v. Nat'l Hockey League,* 893 F.2d 459, 465 (1st Cir. 1990)).

D. Appropriateness of a Discovery Hearing

At this point, the parties have submitted only pleadings and affidavits in support of their positions. District courts have the discretion to grant discovery to explore factual issues presented by Rule 12(b)(2) motions. *See Gear, Inc. v. L.A. Gear Cal., Inc.*, 637 F. Supp. 1323, 1328 (S.D.N.Y. 1986). Additional discovery may be appropriate where there is some reason for inquiring as to facts such as, for example, when the non-domiciliary defendant is alleged to be "interrelated" with other defendants. *See id.* Indeed, as a general matter, where facts regarding the relationship between the defendants would be within any one of the defendants' particular knowledge, the court may allow limited but reasonable discovery to determine the nature of that

13

relationship.  *Id.* at 1329.

However, where the plaintiff has failed to make out a prima facie case, courts have displayed an unwillingness to grant additional discovery on jurisdictional issues.  *See In re Teligent*, 2004 WL 724945, at *6 (rejecting jurisdictional discovery for plaintiff where defendant merely challenges legal sufficiency of jurisdictional allegations in the complaint); *see also Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998) (holding no error in denying discovery where plaintiff fails to establish prima facie case).  *But see Daventree*, 349 F. Supp. 2d at 761 ("If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdictional discovery is appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction.").  Although genuine issues of jurisdictional fact may be adequate to support a request for jurisdictional discovery, "[a]s a rule, a plaintiff is not entitled to jurisdictional discovery to enable her to bolster an inadequate pleading if the defendant merely challenges the legal sufficiency of the jurisdictional allegations in the complaint, and does not place the factual basis for personal jurisdiction in issue."  *In re Teligent*, 2004 WL 724945, at *6.  Accordingly, "[d]iscovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts."  *Gear, Inc.*, 637 F. Supp. at 1328.

Sofair-Koss argues that further discovery should not be allowed where Plaintiff has failed to establish a prima facie case of personal jurisdiction.  (Def.'s Reply Mem. of Law 5)  The Court agrees.  Plaintiff's allegations against Sofair-Koss based solely on the receipt of the allegedly fraudulently transferred funds are woefully insufficient.  In addition, Plaintiff has made no factual allegations which could be proven through additional discovery and which would change the

14

outcome of this issue.[7] Therefore, Plaintiff will not be granted the opportunity to engage in

further discovery in support of her allegations against Defendant Sofair-Koss.

## IV. Conclusion

For the reasons set forth above, Defendant Sofair-Koss's Motion to Dismiss for Lack of

Jurisdiction is GRANTED without prejudice for Plaintiff to amend the Complaint, which she

must do within 30 days from the filing of this Order.

SO ORDERED.

Dated:          September **11**, 2006
               New York, New York

                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

---

[7]The only factual dispute between Sofair-Koss's affidavit and the Complaint is the marital
status between Sofair and Sofair-Koss as of 1998, when the transfers allegedly began. However,
given that Sofair-Koss has produced the divorce judgment and that Plaintiff does not challenge
the bona fides of that judgment, this dispute is insufficient to support a request for additional
discovery.

15

Service List:

Kenneth E. Citron, Esq.
Paul C. Kurland, Esq.
Snow Becker Krauss P.C.
605 Third Avenue
New York, NY 10158
*Counsel for Plaintiff*

Arlen G. Loselle, Esq.
875 County Route 13
Old Chatham, NY 12136
*Counsel for Plaintiff*

Cornelius A. Mahoney, Esq.
Mahoney & Keane, LLP
111 Broadway, Tenth Floor
New York, NY 10006
*Counsel for Defendant Joan Sofair-Koss*